[No. 4565.]

HARRIET WILKINS, ADMINISTRATRIX OF THE ESTATE OF HENRY WILKINS, DECEASED, *v.* CHARLOTTE L. WILLSON, ADMINISTRATRIX WITH THE WILL ANNEXED OF ALLEN T. WILLSON, DECEASED.

REDEMPTION OF LAND FROM SHERIFF'S SALE.—If the judgment debtor whose land has been sold on the judgment deposits with the sheriff, before the time for redemption expires, money sufficient to redeem it from the sale, and the sheriff, after the time for redemption expires, executes and delivers to the purchaser a deed, the judgment debtor, if he would claim the benefit of the redemption, must not withdraw the money from the sheriff, for by withdrawing the money he ratifies the act of the sheriff in delivering the deed.

APPEAL from the District Court, Seventh Judicial District, County of Marin.

Ejectment to recover a tract of about one thousand four hundred acres of land in Marin County, portion of the Rancho Laguna de San Antonio. On the 28th day of May, 1855, Harry Wade became the owner of the land, and on the 25th day of April, 1856, a judgment was entered against him decreeing a sale of the land on a mortgage. On the 2d day of June, 1856, the sheriff sold the land, under the decree, to Charles H. Willson for two thousand dollars. On the 31st day of October, 1856, Wade called on the sheriff to redeem the land from the sale and asked him how much money was required to redeem. The sheriff, after figuring the amount, told him that two thousand seven hundred and fifty dollars was sufficient to redeem, and Wade handed him that amount, and the sheriff executed and delivered to him a certificate of redemption. On the 26th day of December, 1856, the sheriff, notwithstanding the redemption, executed and delivered to Willson a deed. On the 28th day of February following, Wade withdrew from the sheriff the money and at the same time executed and delivered to him the following document:

This is to certify, that I, Harry Wade, have received on this 28th day of February, 1857, of the sheriff, G. N. Vischer, and do hereby withdraw from his custody, the sum of two thousand seven hundred and fifty dollars, being the sum deposited as above, and I hereby release the said sheriff from all liability or responsibility in said suit, but without prejudice to my rights as against others.

$2700.                                    HARRY WADE.

On the 21st of March, 1862, Charles H. Willson conveyed the land to Allen T. Willson. On the 1st day of February, 1858, Wade conveyed the land to Henry Wilkins. Henry Wilkins died intestate on the 18th day of November, 1867, and the plaintiff became the administratrix of his estate. Allen T. Willson died on the 28th day of September, 1870, and the defendant, Charlotte, on the 7th day of No-

vember, 1870, became the administratrix of his estate. The defendant recovered judgment and the plaintiff appealed.

*B. S. Brooks and Hepburn Wilkins*, for the Appellant.

The effect of a redemption by the debtor is to annul the sale, and the power of the sheriff was at an end. The deed consequently made by him, being without power, or *ultra vires*, was a simple nullity. (Pr. Act, Sec. 232; Rorer on Judicial Sales, 314, and cases cited in note 2; *Baber* v. *McClellan*, 30 Cal. 135; *People* v. *Mayhew*, 26 Cal. 655.)

The amount paid the sheriff was more than sufficient to effect a redemption. ·

If the sheriff makes the computation and states the amount, and the debtor pays it, relying on this statement, the sale is annulled, and the sheriff's power is at an end. (Crocker on Sheriffs, 256, Sec. 532, ed. of 1871; *Hall* v. *Fisher*, 1 Barb. Ch. 53; *Hall* v. *Fisher*, 9 Barb. 17; *Ex parte Becker*, 4 Hill, 613; *People* v. *Mayhew*, 26 Cal. 663; *U. S.* v. *Bank of Georgia*, 10 Wheat. 347.)

Then the only question is, Could the subsequent repayment of the money by the sheriff to Wade operate as an estoppel in an action between Wade and Willson? Surely not.

In order to constitute an estoppel it must appear that the party claiming it relied directly upon the act of the other party; that there has been a *change of conduct* in consequence to his injury. (*Biddle Boggs* v. *Merced Mining Company*, 14 Cal. 279; *Davidson* v. *Young*, 38 Ill. 145; *Wilson* v. *Castro*, 31 Cal. 439; *Davis* v. *Davis*, 26 Cal. 40, 41; *Andrews* v. *Lyon*, 11 Allen Mass. 349; *Hazelton* v. *Butchelder*, 44 N. H. 40.)

*T. J. Bowers and W. H. Patterson*, for the Respondent, argued that the redemption-money was not sufficient, and that the redemptioner was required at his peril to know how much was needed to redeem; and cited *Dickinson* v. *Gilliard*, 1 Cowen, 481; *Hall* v. *Fisher*, 1 Barb. Ch. 58; *Ex parte Raymond*, 1 Denio, 272; *Gilchrist* v. *Comfort*, 34 N. Y. 235. They also argued that by withdrawing the money Wade ratified the act of the sheriff in delivering the deed.

By the Court, WALLACE, C. J.:

Conceding that the deposit of the redemption-money in the hands of the sheriff by Wade defeated the authority of the sheriff to deliver the deed to Wilson, Wade's subsequent withdrawal of the redemption-money operated as to Wade, and as to the appellant, claiming through him by subsequent conveyance, to restore the necessary authority to the sheriff, and to ratify the precedent delivery of the deed by the latter.   In delivering the deed, the sheriff acted as the agent of Wade, the execution defendant, and a present want of authority might, as in other cases, be supplied by the subsequent ratification of the principal.   Wade, or his grantee, cannot, in view of the subsequent withdrawal of the redemption-money (even though accompanying it with the protest which he made), come now to say that the sheriff had not the requisite authority to deliver the deed, and by this means not only appropriate the redemption-money but retain the land also.

Judgment and order affirmed.

Mr. Justice RHODES did not express an opinion.